UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN FOX, on behalf of himself and others similarly-situated, | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 1:08-CV-305 RM ) |
| MARTIN TRANSPORTATION SYSTEMS, INC., | ) ) ) ) |
| Defendant | ) |

OPINION and ORDER

Brian Fox, on behalf of himself and others similarly-situated, filed suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, against his former employer, Martin Transportation Systems, and a motion to certify collective action [Doc. No. 15]. Mr. Fox alleges that he never received overtime pay he earned during his employment from December 11, 2006 through June 9, 2008. He also alleges he observed other dispatchers working more than 40 hours per week and several have told him they also were not paid the overtime they earned.

Mr. Fox also filed a separate ADEA action against Martin Transportation, which is before this court as Cause No. 1:09cv52. Martin Transportation moved to consolidate these two cases [Doc. No. 21], pursuant to FED. R. CIV. P. 42(a)(2), and opposes the motion to certify collective action. Martin Transportation argues that Mr. Fox's motion to certify collective action is based on hearsay and an

insufficient showing of potential class members, and that Mr. Fox's maintenance of two separate actions would waste time and resources, especially those of Martin Transportation.

*Motion to Certify Collective Action*

The Fair Labor Standards Act, 20 U.S.C. § 201, *et seq.*, "provides a mechanism, similar to a class action but more commonly referred to as a 'collective action,' that permits the joining of similarly situated employees in a single lawsuit." *See* Fravel v. County of Lake, No. 2:07-CV-253, 2008 WL 2704744, *2 (N.D. Ind. July 7, 2008) (citing Harkins v. Riverboat Serv., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004)). An FLSA claim may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). No person can be a party to a collective action unless he opts in by filing written consent in the court in which the action was brought. 29 U.S.C. § 216(b). Conditional certification requires only a minimal showing that potential plaintiffs are similarly situated and "is an initial determination that simply allows for putative class members to be identified and notified of their opportunity to opt-in." *See* Fravel v. County of Lake, 2008 WL 2704744, at *2-3 (citing Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 172, 110 S. Ct. 482, 488 (1989)). After conditional certification, notices are issued and go to the conditionally certified class. Putative class members are then given the opportunity to opt in, and the action proceeds as a representative action

throughout discovery. Near the end of discovery, the court makes a factual determination of whether the plaintiffs are similarly situated. *See* Fravel v. County of Lake, 2008 WL 2704744, at *3.

Martin Transportation argues that the hearsay contained in Mr. Fox's affidavit is an insufficient basis on which to certify a collective action. Evidence presented at this early stage need not be admissible at trial in order for the plaintiff to meet his low threshold requirement. *See* Coan v. Nightingale Home Healthcare, Inc., No. 1:05-CV-0101, 2005 WL 1799454, at *1 n.1 (S.D. Ind. June 29, 2005) ("Defendant points out that the affidavits include hearsay in the form of testimony about what other employees told the affiants about whether defendant paid them overtime. . . . At this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial.").

Martin Transportation also argues that Mr. Fox has not demonstrated that there are any other similarly situated employees who are interested in joining this collective action. At this early stage, there is no requirement that a plaintiff produce evidence of other employees who wish to opt-in to the proposed class. *See* Reich v. Homier Distributing Co., Inc., 362 F.Supp.2d 1009, 1012 n. 3 (N.D. Ind. 2005) ("A handful of courts in other jurisdictions impose a second requirement on plaintiffs, in addition to the 'similarly situated' requirement: evidence that 'there are other employees . . . who desire to "opt-in" to the proposed class. No court in the Seventh Circuit has explicitly adopted or rejected this extra requirement.");

3

Threatt v. Residential CRF, Inc., No. 1:05-CV-117, 2005 WL 4631399, at *2 n. 7 (N.D. Ind. Aug. 31, 2005) (same).

Finally, Martin Transportation argues that Mr. Fox's proposed class is premised on false facts, namely, that there are no Senior Dispatchers or Load Coordinators at Defendant's Gas City, Indiana terminal. This might be so, but Martin Transportation can show this in discovery and won't be prejudiced if it turns out that the proposed class includes two positions that don't exist.

Mr. Fox has made the necessary "minimal showing" that others in the proposed class are similarly situated. After discovery, at step two of the process, Martin Transportation may move to decertify the class if other plaintiffs don't come forward or if Mr. Fox can't demonstrate that other plaintiffs are similarly situated. The court grants Mr. Fox's motion to certify collective action.

*Motion to Consolidate Cases*

FED. R. CIV. P. 41(a)(2) provides, "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Mr. Fox's FLSA claim is predicated on a failure to receive overtime pay he alleges he is owed. His ADEA claim is predicated on age and sex discrimination. Facts might overlap, but the cases' resolutions are facially premised on separate questions of law and fact. Also, given the court's grant of Mr. Fox's motion to certify collective action, granting the motion to consolidate cases would call to question Mr. Fox's ability to represent the proposed class adequately in the FLSA claim. Finally, the

4

same counsel represents Martin Transportation in both cases, and the court sees no reason why discovery would be substantially more burdensome for Martin Transportation than if these two cases were consolidated. Accordingly, the court denies Martin Transportation's motion to consolidate.

*Conclusion*

For the foregoing reasons, the court GRANTS plaintiff's motion to certify collective action [Doc. No. 15], DENIES defendant's motion to consolidate [Doc. No. 18], and ORDERS that:

1. Brian Fox shall conditionally serve as the Class Representative of the proposed class, namely: Present and former Dispatchers, Senior Dispatchers, Driver Managers, and Load Coordinators who worked at the Gas City, Indiana terminal of Martin Transportation Systems, Inc. for any period of time from three (3) years preceding this Order to the present, and who have not been paid wages or otherwise compensated for time spent working beyond 40 hours per week, resulting in unpaid overtime.

2. The defendant shall, within ten (10) days of this Order, provide to the plaintiff's counsel an electronic list of all former and current Dispatchers, Senior Dispatchers, Driver Managers, and Load Coordinators at the defendant's Gas City, Indiana terminal, who have worked for any period of time from three years preceding this Order to the present,

5

including each individual's name, job title, address, dates of employment, and employee number, but not telephone numbers.

3. Those who opt-in shall, for as long as this matter remains conditionally certified, be bound by the class representatives' determinations and actions as set forth in the proposed notices.

SO ORDERED.

ENTERED:  October 19, 2009

          /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court