# UNITED STATES FEDERAL COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN FOX, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARTIN TRANSPORTATION SYSTEMS, INC., )<br>)<br>Defendant. ) | Cause No.: 1:08-CV-305 |

## OPINION AND ORDER

Following Chief Judge Miller's order granting collective action status under the name of *Brian Fox v. Martin Transportation Systems, Inc*. (Docket #25), this Court took up the Plaintiffs' Motion for Approval of Proposed Collective Action Notice and Opt-In Consent Form (Docket #17) in a hearing on November 12, 2009. Many of Defendant's objections were not challenged by the Plaintiffs at the hearing and, accordingly, the Court will incorporate much of the Defendant's proposed language into the final Notice of Collective Action Lawsuit and Consent Form, attached to this Order as Appendix A.

The remainder of the Defendant's objections which the Plaintiffs did challenge were taken under advisement and will be addressed in this order. Overall, upon the conditional approval of a collective action, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989). The Court is particularly mindful that in exercising its discretionary authority over the notice to potential plaintiffs, it

"must be scrupulous to respect judicial neutrality" and "take care to avoid even the appearance of a judicial endorsement of the merits of the action." *Id*. at 174. With these principles in mind, the Court turns to the issues presented.

Defendant seeks to add language to Section II of the proposed notice to underscore the Court's neutrality and dispel any suggestion that the Court endorses an individual's participation in the collective action. The Defendant also asks that the neutrality statements appear in a bold typeface for further emphasis. During oral argument, the Plaintiffs did not dispute the need for the Court's neutrality to be made clear to potential class members, but argued that the notice already does so. Considering the need to avoid "even an appearance of judicial endorsement of the merits of the action," *Hoffman-LaRoche*, 493 U.S. at 174, the Court will add the proposed language to further emphasize its neutrality. *See Biddings v. Lake County*, No. 2:09-cv-38, 2009 WL 2175584, at *4 (N.D. Ind. July 15, 2009); *Jirak v. Abbott Laboratories, Inc*., 566 F.Supp.2d 845, 850-51 (N.D. Il. 2008). The Court will not, however, present the neutrality sections in a bold typeface, as such clear statements (now in the Notice twice), do not require further emphasis.

Defendant also objects to the Notice's current provision that all responses must be returned to Plaintiffs' counsel within sixty days of receipt, asking instead that they actually be post-marked within sixty days, presumably so there is an independent record of the event. Given the relatively small number of potential class members (approximately 20), and the fact that Plaintiffs' counsel has a system for recording the returned Consent Forms, the Court will not require a post-mark. The Court will, however, establish both a date certain for the receipt of the Consent Forms of January 18, 2010, and a date for filing the Consent Forms with the Court of

2

January 25, 2010. Additionally, the Court has slightly recast the language in the second paragraph of Section III to make it clear that there is a specific deadline for receipt of the Consent Forms.

Accordingly, the Plaintiff's Motion is GRANTED and the Court approves the modified Collective Action Notice and Consent Form attached as Appendix A. The last day to file the Consent Forms with the Court is January 25, 2010. Any Consents filed after January 25, 2010 are subject to being stricken.

This matter is set for a further telephone scheduling conference for February 4, 2010 at 10:00 am Eastern time. The Court will initiate the call.

SO ORDERED.

Enter for November 12, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge